DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Kimble Bew appeals from the decision of the Lorain County Court of Common Pleas denying his petition for postconviction relief. We affirm.
On March 23, 1995, Bew was convicted on one count each of aggravated robbery, felonious assault, and aggravated burglary. Each count also carried a firearm specification, and the jury found all three specifications. The Lorain County Court of Common Pleas sentenced Bew to consecutive terms on all counts, with all three specifications to be served consecutively to the associated counts. Bew appealed to this court, and we affirmed the trial court. State v. Bew (Feb. 21, 1996), Lorain App. No. 95CA006095, unreported.
Bew filed a petition for postconviction relief under R.C.2953.21 on September 23, 1996. The trial court denied his petition on September 27, 1996. No appeal was taken from the trial court's order.
Bew filed a second petition for postconviction relief on May 6, 1998. In his second petition, Bew claimed that he was entitled to postconviction relief based on "newly discovered evidence." The trial court denied Bew's second petition. This appeal followed.
Bew presents three assignments of error:
I.
 THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT HAD FILED HIS POST-CONVICTION [sic] OUT OF RULE DUE TO THE FACT THAT WHEN AN APPELLANTS [sic] TRIAL COUNSEL AND APPELLATE COUNSEL ARE ONE AND THE SAME POST-CONVICTION REMEDY IS THE PROPER AVENUE FOR RELIEF.
II.
 THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT HAD FILED HIS POST-CONVICTION PETITION OUT OF RULE DUE TO THE FACT THAT APPELLANT COMPLIED WITH THE MANDATES OF O.R.C. 2953.23 A(1) AND (2) [sic] BY SHOWING HOW HE WAS UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF FACTS IN WHICH HE RELIES ON [sic] AS A BASIS FOR HIS RELIEF.
III.
 THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD A HEARING ON APPELLANTS [sic] POST-CONVICTION RELIEF MOTION AFTER HE SHOWED A COLORABLE CLAIM OF HOW HIS SENTENCE WAS ILLEGAL AND HOW HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.
 In his assignments of error, Bew argues that the trial court improperly denied his second petition as not meeting the requirements for second or successive petitions, under R.C. 2953.23(A). Bew contends that the trial court should not have ordered two of the three firearm specifications to be served consecutive to their attendant crimes, and that he had been unavoidably prevented from discovering the fact that his counsel should have objected to his sentence. We disagree.
In State v. Fuller (Apr. 30, 1997), Lorain App. No. 96CA006626, unreported, we said:
 Since September 21, 1995, Section 2953.23(A) of the Ohio Revised Code has permitted the trial court to entertain a second or successive petition for post-conviction relief only if it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty * * * but for constitutional error at trial.
 Id. at 2-3. This is Bew's second petition for postconviction relief. Bew has not demonstrated that he meets any of the criteria set forth above. Any error in Bew's sentence would have been apparent in the record at the time that he filed his first petition. Therefore, Bew was not "unavoidably prevented" from discovering the alleged error and presenting it in his first petition in 1996. The trial court properly denied Bew's second petition. Bew's assignments of error must be overruled.
Bew's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ JOHN J. MILLIGAN
FOR THE COURT
BAIRD, P. J.
SLABY, J. CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)